# Pippen v. Harris, et al.

### Bill to Restrain Infringement of Trade Mark.

(Decided April 24, 1913. 61 South. 890.)

1. *Trade Marks; Infringement; Issue and Proof; Variance.*—Where the bill charged that the respondents had sold and represented to the purchasing public by unfair and fraudulent trade competition products known as Viva, and that such customers had been deceived and defrauded to the injury of complainant's business, it was not supported by proof that salesmen or drivers of the respondent had made such fraudulent representations as to the product they sold being complainant's product, there being no tendency to show that the respondent himself was guilty thereof or ratified the acts of his agents.

2. *Same; Burden of Proof.*—In an action to restrain unfair and fraudulent business competition, complainant had the burden of proof.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. L. Pippen against Allen Harris and others, doing business as the Camel Bottling Works, seeking to restrain an infringement of complainant's trade mark and trade name, and from molesting and injuring complainant's business by unfair and fraudulent trade competition. From a decree dismissing the bill complainant appeals. Affirmed.

R. J. McCLURE, for appellant. The bill contains equity and complainant is entitled to relief.—*Kyle v. Perfection Mattress,* 28 South. 545; 138 N. Y. 244; 50 N. J. E. 164; 19 L. R. A. 269; 14 L. R. A. 161; 96 U. S. 246; 88 Fed. 899. Counsel also discusses the action of the court in dissolving temporary injunction, but in view of the opinion it is not deemed necessary to here set it out.

ALLEN & BELL, and JOHN T. GLOVER, for appellee. The decree is rested upon the theory that plaintiff has not made out his case. The burden of proof was on him to establish the allegations of the bill, and this he failed to do.—34 L. R. A. 174.

McCLELLAN, J.—This bill, filed by appellant against appellees, seeks to restrain respondents from infringing upon complainant's registered trade-mark and trade-name, Viva, a soft drink, and from molesting and injuring complainant's business by respondents' unfair, fraudulent trade competition. The temporary injunction issued when the bill was filed was dissolved and the bill dismissed upon the final hearing of the cause on pleadings and proof. The evidence entirely fails to show any infringement or fraudulent use of the complainant's registered trade-mark or trade-name, Viva, a material allegation of wrong with which the bill charges these respondents.

It is also averred that the respondents "have represented to the purchasing public that their product was Viva, and have sold it to a large number of orator's customers for Viva, and the customers have been deceived and defrauded into thinking that they were purchasing Viva, and have purchased this product." While there is testimony tending to show that employers or drivers of the sales and delivery wagons of respondents made the false and fraudulent representations averred with respect to the identity, etc., of a produce they sold as Viva, there is no evidence that Allen Harris (doing business as the Camel Bottling Works) himself so wronged the complainant as is averred or even that he knew of, authorized, or ratified the false and fraudulent statements attributed to his employees. Indeed had the complainant attempted to conform his allega-

tion to his proof, he would have framed his pleading so as to impute the wrong of the agent to the principal. This, however, complainant did not do.

There is testimony to like effect with reference to the employees of Oldham and Forcester. As indicated with respect to Allen Harris, there is want of conformity between allegation and proof. Notwithstanding this, when the whole evidence is considered in the light of the burden of proof assumed by and resting upon complainant, we are not convinced, as the learned chancellor was not, that the burden on complainant has been discharged.

The only error assigned refers alone to the final decree on testimony submitted. Much of the argument for appellant treats questions which could only arise on the hearing of a motion to dissolve a temporary injunction.

The decree is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.